UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ALBERTO OCAMPO and CARLOS JIMENEZ, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>           Plaintiffs,<br><br>    -against-<br><br>GUARANTEED HOME IMPROVEMENT LLC, and JUSTIN ROMANO, individually, and ABRAHAM FINKLER, individually, and RICARDO MARTINEZ, individually,<br><br>           Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

LUIS ALBERTO OCAMPO and CARLOS JIMENEZ (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against GUARANTEED HOME IMPROVEMENT LLC ("GHI"), and JUSTIN ROMANO, individually, and ABRAHAM FINKLER, individually, and RICARDO MARTINEZ, individually, (together, where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiffs' rights collectively guaranteed to them by: (i) the overtime

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.18; (v) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Defendants are a New York limited liability company that operates a chimney service business in Plainview, New York, and its three owners and/or day-to-day overseers. Plaintiff Ocampo worked for Defendants as a chimney technician from in or around June 2021 through March 12, 2024, while Plaintiff Jimenez worked for Defendants as a helper from November 13, 2023, through February 13, 2024.  As described below, throughout their respective periods of employment, Defendants willfully failed to pay both Plaintiffs the overtime wages lawfully due to them under the FLSA and the NYLL, and Jimenez the minimum wages due under the NYLL.  Specifically, throughout their employment, Defendants required Plaintiffs to work, and Plaintiffs did work, in excess of forty hours each workweek, or virtually each week.  Yet in exchange, Defendants paid both Plaintiffs a flat weekly salary and paid Ocampo an additional non-discretionary bonus that did not in any way correspond to the amount of hours that he worked in a week.  The wages that Defendants paid Plaintiffs did not include overtime premiums at the rate of

one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for those hours that Plaintiffs worked in a week in excess of forty. Moreover, throughout Jimenez's employment, the flat weekly salary that Defendants paid him, when divided by the hours that he worked in a week, fell below the New York minimum wage rate for each hour worked.

3.      Additionally, throughout Plaintiff Jimenez's employment, for those days when his shift exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate him with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4.      Defendants also violated the NYLL by failing to furnish Plaintiffs with an accurate wage statement on each payday or with any wage notice at the times of their hire, let alone an accurate notice.

5.      Defendants have paid and treated all of their non-managerial workers, including chimney technicians and helpers, in the same manner.

6.      Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs bring their claims under the NYLL and the NYCRR on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.      At all relevant times herein, Plaintiffs worked for Defendants in New York and were each an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.      At all relevant times herein, Defendant GHI was and is a New York limited liability company with its principal place of business located at 500 Old Bethpage Road, Plainview, New York 11803.

12.      At all relevant times herein, Defendants Romano and Finkler were and are the co-owners and Defendant Martinez was and is the manager of Defendant GHI.  In those roles, Romano, Finkler, and Martinez were together responsible for overseeing and managing the day-to-day operations of the business, and were and are ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay and work schedules, and for maintaining employees' employment records, including those matters with

respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs. In fact, with Romano and Finkler's oversight, Martinez personally hired and fired Plaintiffs, supervised their work, and determined their daily job assignments and thus their hours, while Romano and Finkler set Plaintiffs' rate of pay and maintained or should have maintained their employment records.

13.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant GHI's qualifying annual business exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases numerous products that have moved across state lines, such as ladders and grout bags, and have accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moves across state lines. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as chimney technicians, helpers, or in a similar role, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial employees, including Plaintiffs and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.

17.     Indeed, in 2015, Defendant Finkler was sued for similar violations as those alleged herein by the United States Secretary of Labor in a case captioned *Perez v.  Lifetime Chimney Supply LLC*, *et al*., 15-cv-00808-JS-SIL (E.D.N.Y.), which resulted in Finkler paying penalties to resolve the case in the amount of $29,615.26.00.  Nevertheless, Defendants did not take any steps to change their unlawful practices thereafter.

18.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.     The class is so numerous that joinder is impracticable;

    b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.     Claims or defenses of the representative are typical of the class;

    d.     The representative will fairly and adequately protect the class; and

    e.     A class action is superior to other methods of adjudication.

21.     Plaintiffs seek certification of the following FRCP 23 class:

Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants as chimney technicians, helpers, or in a similar role within the State of New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

22.     At all times relevant to the NYLL, Defendants have employed at least forty employees who are putative members of this class.

<u>Common Question of Law and Fact</u>

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants have required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a workweek; (4) whether Defendants have failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek; (5) whether Defendants have failed to pay the Rule 23 Plaintiffs at least at the minimum wage rate that the NYLL requires per hour of work; (6) whether Defendants have failed to pay the Rule 23 Plaintiffs spread-of-hours pay for each day

7

where their spread of hours worked has exceeded ten from beginning to end; (7) whether Defendants have furnished the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (8) whether Defendants have furnished the Rule 23 Plaintiffs with a wage notice at the time of hire that accurately contains the information that NYLL § 195(1) requires; (9) whether Defendants have kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (10) whether Defendants have kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (13) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims or Defenses</u>

24.    As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants, in New York, and Defendants: did and do not pay them overtime wages for all hours that they work over forty in a week; and/or did and do not pay them at least at the minimum wage rate that the NYLL requires per hour of work; and/or did and do not provide them with spread of hours compensation for all days when their spread of hours worked exceeds ten; and/or did and do not furnish them with an accurate wage statement on each payday; and/or did and do not furnish them with an accurate wage notice at the time of hire. Plaintiffs and Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their overtime wages and at least at the minimum wage for each hour of work, to

receive spread of hours compensation when required, and to be furnished with an accurate wage statement on each payday and wage notice at the time of hire. Plaintiffs and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR. Plaintiffs and Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

25.    Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs overtime wages at the rate of one and one-half times their regular rates of pay or the minimum wage rate, if greater, for all hours worked over forty in a week, did not pay Plaintiff Jimenez at least at the minimum wage rate that the NYLL requires per hour of work, did not pay Plaintiff Jimenez spread of hours premiums of one hour's pay at the minimum wage rate for each day when his spread of hours worked exceeded ten, and did not furnish Plaintiffs with an accurate wage statement on each payday or with an accurate wage notice at their respective times of hire, which is substantially similar to how Defendants paid and treated and pay and treat the Rule 23 Plaintiffs. Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint that pertain to them and that will be raised in Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

<u>Superiority</u>

27.    Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.    Any lawsuit brought by any non-managerial employee who worked for Defendants as a chimney technician, helper, or in a similar role, in New York, would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

29.    Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

**Background Facts Common to both Plaintiffs**

30.    Defendant GHI is a New York limited liability company that operates a chimney service business that services clients throughout the New York metropolitan area, with its principal place of business located at 500 Old Bethpage Road, Plainview, New York 11803.

31.    Defendants Romano and Finkler were and are the co-owners and Defendant Martinez was and is the manager of Defendant GHI, who in those roles, were together responsible for overseeing and managing the day-to-day operations of the business, including all personnel matters with respect to all GHI employees, including Plaintiffs, as explained above.

32.    Defendants paid Plaintiffs on a weekly basis.

33.    On each occasion when Defendants paid Plaintiffs, Defendants failed to furnish Plaintiffs with a wage statement that accurately listed, *inter alia*, their actual hours worked, their

overtime rates of pay, and their overtime wages owed.  Defendants' failure to provide Plaintiffs with a proper wage statement deprived Plaintiffs of the ability to know exactly how much compensation they were entitled to receive, and contributed to the underpayment of wages as asserted herein.

34.     Additionally, at their respective times of hire, Defendants failed to provide Plaintiffs with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiffs' regular and overtime rates of pay and basis thereof; whether Plaintiffs would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.  Defendants' failure to provide Plaintiffs with a proper wage notice deprived Plaintiffs of the ability to know exactly how much compensation they were entitled to receive, and contributed to the underpayment of wages as asserted herein.

35.     Defendants treated Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs in the same manner described herein.

36.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

37.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

**Plaintiff Ocampo's Employment**

38.     Plaintiff Ocampo worked for Defendants as a non-managerial chimney technician from in or around June 2021 through March 12, 2024.  In this role, Ocampo was responsible for

performing chimney fixing and maintenance work for Defendants' clients, primarily on Long Island and throughout New York City.

39.    Throughout his employment, Defendants required Plaintiff Ocampo to work, and Ocampo did generally work, six days a week, Monday through Saturday, from 7:00 a.m. to 8:00 p.m., without an uninterrupted break during any shift, for a total of seventy-eight hours per week.

40.    Throughout his employment, Defendants paid Plaintiff Ocampo a flat weekly salary of $1,200.00.

41.    Moreover, throughout his employment, Defendants paid Plaintiff Ocampo a non-discretionary bonus on a weekly basis.  More specifically, in the first six months of Ocampo's employment, Defendants paid him one percent of the fees of the projects that he worked on. During the rest of his employment, Defendants paid him one and one-half percent of the fees of the projects that he worked on.  These bonuses, generally, ranged between $300 and $600 per week.

42.    Throughout his employment, the flat weekly salary and the non-discretionary bonus that Defendants paid to Plaintiff Ocampo did not include overtime premiums at the rate of one and one-half times his regular rate of pay for any hours that Ocampo worked over forty in a week.

43.    By way of example only, for the week of January 9 through January 15, 2022, Defendants required Plaintiff Ocampo to work, and Ocampo did work, a total of seventy-eight hours, according to the following schedule, without an uninterrupted break during any shift:

Sunday, January 9, 2022: off;

Monday, January 10, 2022: 7:00 a.m. to 8:00 p.m.;

Tuesday, January 11, 2022: 7:00 a.m. to 8:00 p.m.;

Wednesday, January 12, 2022: 7:00 a.m. to 8:00 p.m.;

Thursday, January 13, 2022: 7:00 a.m. to 8:00 p.m.;

Friday, January 14, 2022: 7:00 a.m. to 8:00 p.m.; and

Saturday, January 15, 2022: 7:00 a.m. to 8:00 p.m.

In exchange for his work that week, Defendants paid Ocampo his fixed weekly salary of $1,200 and a non-discretionary bonus of $500, which was one and one-half percent of the value of each job that he worked on during it. Defendants did not pay Ocampo overtime pay at the rate of one and one-half times his regular rate for any of the thirty-eight hours of work that he performed in excess of forty.

44.    Throughout his employment, Defendants typically paid Plaintiff Ocampo his weekly salary by check and the non-discretionary bonus in cash.

**Plaintiff Jimenez's Employment**

45.    Plaintiff Jimenez worked for Defendants as a non-managerial helper from November 13, 2023, through February 13, 2024, primarily on Long Island and throughout New York city. In this role, Jimenez was primarily responsible for helping chimney technicians whenever they need assistance by standing on Defendants' clients' roofs waiting for direction, cleaning up the work site, and holding the ladders for technicians while they were on the roof.

46.    Throughout his employment, Defendants required Plaintiff Jimenez to work, and Jimenez did generally work, six days a week, Monday through Saturday, from 7:00 a.m. to 8:00 p.m., without an uninterrupted break during each shift, for a total of seventy-eight hours per week.

47.    Throughout his employment, Defendants paid Plaintiff Jimenez a flat weekly salary of $975, which did not include overtime premiums at the rate of one and one-half times his regular rate, or one and one-half times the minimum wage rate, if greater, for those hours that Jimenez worked over forty in a week.

48.    Moreover, throughout Plaintiff Jimenez's employment, the flat weekly salary of $975 that Defendants paid him, when divided by the hours that he worked in a week, fell below the New York minimum wage rate for each hour worked.

49.    Additionally, throughout Plaintiff Jimenez's employment, for those days when his shifts exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate him with an additional one hour's pay at the minimum wage rate.

50.    By way of example only, for the week of January 7 through January 13, 2024, Defendants required Plaintiff Jimenez to work, and Jimenez did work, a total of seventy-eight hours, according to the following schedule, without an uninterrupted break during any shift:

Sunday, January 7, 2024: off;

Monday, January 8, 2024: 7:00 a.m. to 8:00 p.m.;

Tuesday, January 9, 2024: 7:00 a.m. to 8:00 p.m.;

Wednesday, January 10, 2024: 7:00 a.m. to 8:00 p.m.;

Thursday, January 11, 2024: 7:00 a.m. to 8:00 p.m.;

Friday, January 12, 2024: 7:00 a.m. to 8:00 p.m.; and

Saturday, January 13, 2024: 7:00 a.m. to 8:00 p.m.

In exchange for his work that week, Defendants paid Jimenez his flat weekly salary of $975, which did not include overtime premiums for the thirty-eight hours of work that he performed in excess of forty, and which fell below the New York minimum wage rate of $16.00.  Additionally, Defendants did not compensate Plaintiff Jimenez with an additional one hour's pay at the minimum wage rate for his six shifts that exceeded ten hours from beginning to end during this week.

51.     Throughout his employment, Defendants typically paid Plaintiff Jimenez his weekly salary by check.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

52.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

55.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

56.     Defendants willfully violated the FLSA.

57.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCRR*

59.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

61.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

62.    As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

63.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

64.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

65.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.    NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

67.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

68.     As also described above, Defendants failed to compensate Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in accordance with the NYLL's and the NYCRR's minimum wage provisions.

69.     At the least, Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to pay at the minimum wage rate for all hours worked.

70.     Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

71.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     NYLL § 652(1) and 12 NYCRR § 142-2.18 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

73.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

74.     As also described above, Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked days when their spread of hours exceeded ten, yet

Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

75.    Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

76.    Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

77.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.    NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

79.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action,  are employees within the meaning of the NYLL.

80.    As also described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

81.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

82.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

84.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

85.     As also described above, Defendants, at time of hire, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice, let alone let alone a notice that accurately contained the criteria that the NYLL requires.

86.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

87.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.   Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.   All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i.   Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and the FRCP;

j.   Pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        October 2, 2024

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:   *Yuezhu Liu*
      _____
      YUEZHU LIU (YL)
      MICHAEL J. BORRELLI (MB 8533)
      ALEXANDER T. COLEMAN (AC 8151)

21