LAW OFFICES
# Peter W. Till

105 MORRIS AVENUE, SUITE 201
SPRINGFIELD, NEW JERSEY 07081
(973) 258-0064

PETER W. TILL
Admitted to NJ & DC Bar

JOHN V. SALIERNO ◊
Admitted to NJ & NY Bar

◊ CERTIFIED BY THE NJ SUPREME COURT
AS A CIVIL TRIAL ATTORNEY

Facsimile: (973) 258-0478
Email: pwt@till-law.com
www.till-law.com

January 30, 2025

**Filed via ECF**
Honorable Sanket J. Bulsara
United States District Court for the
　Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　Re:　**Luis Alberto Ocampo and Carlos Jimenez, on behalf of themselves, individually, and on behalf of all others similarly-situated**
　　Against:　**Guaranteed Home Improvement LLC, and Justin Romano, individually, and Abraham Finkler, individually, and Ricardo Martinez, individually**
　　　　　　**Case: 2:24-cv-06980(AYS)**

Dear Judge Bulsara:

　　Kindly be advised that this law firm has and continues to represent the Defendants in the above action.

　　Accordingly, we are now proceeding pursuant to your Honor's Individual Practices seeking permission to move and file a dispositive motion, pursuant to Fed. R. Civ. P. 12(b)(6).

　　Once again, the basis for bringing a dispositive motion is that the Defendants have fully complied with all requirements under both New York State and federal law regarding the payment of minimum wages and overtime most certainly with respect to the Plaintiffs.

　　As previously reported to both Judges Shields and Donnelly, it was prior to the engagement of this law firm that the Defendants' business accountant provided

Honorable Sanket J. Bulsara
United States District Court for the
    Eastern District of New York
January 30, 2025
Page 2

voluminous and corroborative documents memorializing the Defendants' punctilious compliance with the labor statutes under which they are now being sued.

    Subsequently, this law firm very briefly communicated with the Plaintiffs' counsel, and again advanced the Defendants' utter fulfillment of all notice and payment requirements under all applicable statutes, including but not limited to the Plaintiffs' executed signatures for the payroll checks. Accordingly, this matter is ripe for adjudication on the merits by way of a motion pursuant to Fed. R. Civ. P. 12(b)(6), treated as one for summary judgment. See New Sensor Corp. v. CE Distrib. LLC, 303 F. Supp. 2d 304 (2004).

    In an effort to exercise every economy, and rather than being forced to incur additional attorney's fees to defend provably false allegations from the inception of this litigation, the Defendants should be afforded the opportunity now to offer their well-chronicled history of lawful employment of the Plaintiffs, and to fully demonstrate that the Plaintiffs' allegations are without merit.

    To extend any further than the stage at which a motion to dismiss and/or for summary judgment may be filed would serve no purpose other than to allow the Plaintiffs to possibly attempt to extract a quick settlement and conduct a fishing expedition.

    Respectfully submitted,

    **LAW OFFICES OF PETER W. TILL**

    */s/ Peter W. Till*

    Peter W. Till

PWT:JVS:cc

cc:    Michael J. Borrelli, Esq. (mjb@employmentlawyernewyork.com)
        Alexander T. Coleman, Esq. (atc@employmentlawyernewyork.com)