# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 910 Franklin Avenue | 655 Third Avenue |
| Suite 205 | Suite 1821 |
| Garden City, NY 11530 | New York, NY 10017 |
| Tel. No. 516.248.5550 | Tel. No. 212.679.5000 |
| Fax No. 516.248.6027 | Fax No. 212.679.5005 |

January 30, 2025

*Via ECF*
The Honorable Sanket J. Bulsara
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Ocampo, et al. v. Guaranteed Home Improvement LLC, et al.,*
 <u>Docket No: 2:24-cv-06980-AMD-AYS</u>

Dear Judge Bulsara:

This Firm represents Plaintiffs Luis Alberto Ocampo and Carlos Jimenez in the above-referenced collective and putative class wage and hour matter arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Guaranteed Home Improvement, LLC, and individuals Justin Romano, Abraham Finkler, and Ricardo Martinez. We write, pursuant to Rule 6(G)(1) of Your Honor's Individual Practices, in opposition to Defendants' letter filed earlier today, ECF No. 25, in which they request a pre-motion conference in anticipation of their pre-Answer motion to dismiss or for summary judgment. Although their letter is far from a model of clarity, deciphering it as best we are able, it seems that before filing an Answer or engaging in any discovery, Defendants wish to file a motion premised on what they claim is dispositive evidence that would defeat Plaintiffs' claims, because, they say, it will conclusively show their compliance with the applicable wage and hour statutes. Defendants do not bother to describe what that evidence would be, but regardless, Defendants' contemplated motion fails under either Rule 12(b)(6) or Rule 12(d)/56.

Indeed, on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "accept as true all of the factual allegations set out in plaintiff's complaint." *40-46 Main St. Realty Corp. v. City*

*of New York*, 2017 WL 6886718, at *3 (E.D.N.Y. Nov. 27, 2017) (Bulsara, *J.*) The court then draws "inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). "A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable." *Kall v. Peekskill City Sch. Dist.*, 2020 WL 2555256, at *3 (S.D.N.Y. May 19, 2020) (internal quotations and citations omitted). Furthermore, on a motion to dismiss under Rule 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Where a document is not incorporated by reference, a court "may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2022) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). This requires a party to establish that plaintiff had "actual notice" of the documents and relied upon them in setting forth his or her claim. *Id.*; *see also Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 423 n. 16 (S.D.N.Y. 2013) ("In order for the contents of a document to be deemed integral to the complaint, they must be deemed necessary to the plaintiff's statement of a claim under Rule 8").

Here, Defendants do not argue that Plaintiffs fail to plausibly allege all material factual elements of their claims in the Complaint. Defendants rather argue that they are in compliance with the FLSA and the NYLL and state that they will rely on unspecified documents outside the Complaint on their motion. But as stated herein, the Court may not consider Defendants' documents as they were not attached to or incorporated by reference into the Complaint, nor were they known to and relied upon by Plaintiffs in bringing this matter. Thus, any motion made under Rule 12(b)(6) based on those documents has no chance and would be frivolous.

Further, the Court should also decline to convert Defendants' anticipated motion into one for summary judgment because doing so would be futile. Of course, summary judgment is appropriate only where the submissions of the parties, taken together, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Jones v. Pawar Bros. Corp*, 434 F. Supp. 3d 14, 19-20 (E.D.N.Y. 2020) (citing Fed. R. Civ. P. 56(a)). Here, Plaintiffs' testimony alone will support their material allegations, notwithstanding whatever documents Defendants choose to supply. Without knowing what those documents are, Plaintiffs' position will assuredly be that they are inaccurate, thereby creating a disputed issue of material fact. Furthermore, Defendants' motion is not limited to one issue that might be dispositive

of the case, which would warrant limited discovery into that specific matter. Instead, Defendants want to litigate the merits of the entirety of Plaintiffs' claims on a pre-Answer, pre-discovery motion. Defendants should not be permitted to delay this case for such a futile reason, which is undoubtedly their goal with this motion.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Michael J. Borrelli, Esq.
*For the Firm*

C: Defendants' counsel (*via* ECF)